**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerral Phillip Mathis, | No. CV-20-00361-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Mark J Dannels, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint. (Doc. 9.) Defendants Cochise County and Mark Dannels filed a Response opposing the proposed Third Amended Complaint. (Doc. 10.) Defendant Laurence Schiff, M.D., also filed a Response opposing the proposed Third Amended Complaint. (Doc. 11.) Plaintiff replied. (Doc. 12.) The Court ordered supplemental briefing, which has been completed. (Docs. 18, 20, 22, 23.) The Motion to Amend will be granted in part and denied in part.

**I.      Background**

This case arises out of the death of Clay Mathis by suicide in Cochise County Jail on September 12, 2018. (Doc. 9-1 at 8.) Plaintiff Jerral Mathis's[1] Second Amended Complaint, the operative Complaint in this action (*see* Doc. 1), brings Arizona state law

---

[1] Jerral Mathis is Clay Mathis's father. (Doc. 10 at 1.)

claims of medical malpractice against Defendants County of Cochise, Sheriff Mark Dannels, and Laurence Schiff, M.D. (*see* Docs. 1-3 at 93), as well as a 42 U.S.C. § 1983 claim against Defendants County of Cochise and Sheriff Dannels (*see id.* at 94).

## II. Motion for Leave to Amend

In the Motion for Leave to Amend, Plaintiff seeks to file a Third Amended Complaint adding (1) a separate 42 U.S.C. § 1983 claim against Defendant Laurence Schiff, M.D. and (2) the Estate of Clay Mathis as a Plaintiff. (Doc. 9.) Plaintiff attached the proposed Third Amended Complaint to his Motion (Doc. 9-1), and he filed a proposed revised Third Amended Complaint in response to the Court's February 11, 2021 Order (Doc. 22-1.) Plaintiff's revised Third Amended Complaint indicates that he seeks to join the Estate of Clay Mathis to only the federal law claims brought under 42 U.S.C. § 1983, Claims Three and Four. (Doc. 22-1.) Plaintiff argues that the proposed amendments are proper pursuant to Fed. R. Civ. P. 15.

In opposition to the proposed amendments, Defendants Cochise County and Sheriff Dannels argue that (1) the Arizona notice of claim statute prohibits adding the Estate of Clay Mathis as a Plaintiff because the Estate did not timely file a notice of claim against them; (2) the Arizona one-year statute of limitations against a public entity or public employee has expired and further bars a state law claim on behalf of the Estate of Clay Mathis; and (3) the two-year statute of limitations for bringing a federal law claim against a public entity has also expired. (Doc. 10). Therefore, Defendants argue, the Estate of Clay Mathis should not be added as a Plaintiff.

Defendant Schiff joins Defendants Cochise County and Sheriff Dannels' Response, and further argues that (1) the two-year statute of limitations to bring a 42 U.S.C. § 1983 claim against him expired on September 11, 2020[2]; (2) the two-year statute of limitations to add a new party plaintiff has also expired pursuant to A.R.S. § 12-542;

---

[2] Defendant Schiff's Response indicates that Clay Mathis' death occurred on September 11, 2018. (Doc. 11.) For purposes of this Order, the Court will rely on the September 12, 2018 date as set forth in the Complaint. (*See* Doc. 9-1.)

- 2 -

and (3) adding the proposed 42 U.S.C. § 1983 claim against him would be futile because Plaintiff has failed to state a claim upon which relief can be granted. (Doc. 11.)

In Reply, Plaintiff argues that (1) the Estate's claims are brought under federal law and therefore are not subject to Arizona's notice of claim statute; (2) the Estate's claim is permissible and relates back to the original complaint under Fed. R. Civ. P. 15 and 17; and (3) Plaintiff has not failed to state a claim against Defendant Schiff. (Doc. 12.)

The supplemental briefing indicates the parties' agreement that state notice of claim statutes do not apply to 42 U.S.C. § 1983 actions. (Docs. 20, 21); *see also Felder v. Casey*, 487 U.S. 536, 539 (1998). The parties also agree that the Estate of Clay Mathis will not be added as a Plaintiff to the state law claims for medical malpractice (Claims One and Two). (*See* Doc. 22.) Thus, the remaining issues are (1) whether Plaintiff(s) may add a 42 U.S.C. § 1983 claim against Laurence Schiff, M.D. (Claim Four) and (2) whether the Estate of Clay Mathis may be joined as a Plaintiff to the 42 U.S.C. § 1983 claims (Claims Three and Four).

### III.     Applicable Law

District courts have discretion in determining whether to grant or deny leave to amend, *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave should freely be given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend under Rule 15(a), the Court considers whether there has been "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (quoting *Foman*, 371 U.S. at 182). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation marks omitted). Nevertheless, "futile amendments should not be permitted." *Id*. at 188.

Arizona's two-year statute of limitations for general personal injury claims applies to 42 U.S.C. § 1983 claims brought against public officials. *See Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1077 (D. Ariz. 2012), *aff'd sub nom. Stapley v. Pestalozzi*, 733 F.3d 804 (9th Cir. 2013); *see also Madden-Tyler v. Maricopa Cnty.*, 943 P.2d 822, 825 (Ariz. App. 1997). Federal, not state, law determines when a 42 U.S.C. § 1983 claim accrues. *TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999) (internal citation omitted). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

Federal Rule of Civil Procedure 15(c), which governs amended pleadings in federal actions, does not specifically address whether amendments adding or changing plaintiffs "relate back" to the filing date of the original complaint. Courts have applied the rules regarding adding or changing defendants by analogy. *See SMS Financial, Ltd. Liability Co. V. ABCO Homes, Inc.*, 167 F.3d 235, 245 n. 29 (5th Cir. 1999) ("The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."); *see also* Fed. R. Civ. P. 15 advisory committee note, 1966 amendment.

Thus, an amendment changing the plaintiff will "relate back" if (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; (2) the defendant received notice of the action such that it will not be prejudiced in defending on the merits; and (3) the defendant knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1). Fed. R. Civ. P. 15(c) is "the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1501 (9th Cir. 1994). The key inquiry in

1 determining whether an amended complaint relates back is whether the original and amended pleadings "share a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct called into question." *FDIC v. Jackson*, 133 F.3d 694, 702 (9th Cir. 1998) (internal quotation omitted).

### IV. Analysis

The Court will deny the Motion for Leave to Amend as to the addition of Claim Four. Plaintiff has provided no authority or argument that the two-year statute of limitations for 42 U.S.C. § 1983 claims does not apply to Claim Four. Further, Plaintiff does not argue that the statute of limitations should be tolled as to Claim Four. Claim Four, like all claims in this case, accrued on September 12, 2018, the date of Clay Mathis's death, and therefore the statute of limitations expired on September 12, 2020. Plaintiff moved to add Claim Four on November 30, 2020—after the expiration of the statute of limitations.

Plaintiff appears to argue that Claim Four relates back to the original complaint pursuant to Fed. R. Civ. P. 15(c). (*See* Doc. 9 at 2-3; *see also* Doc. 12 at 2-3.) However, Plaintiff has provided no facts to indicate that the third requirement for relation-back of an amendment—that the party knew or should have known that the claim would have been brought against it but for a mistake concerning the proper party's identity—has been met. Plaintiff's relation-back argument focuses on the addition of the Estate of Clay Mathis as a Plaintiff (*see* Doc. 12 at 2-3) and does not address the propriety of the entirely new claim presented by Claim Four. Plaintiff's Motion to Amend will be denied as to Claim Four.

However, the Court will grant the Motion as to the addition of the Estate of Clay Mathis as a Plaintiff to Claim Three, because that amendment relates back to the Second Amended Complaint pursuant to Rule 15(c). Claim Three is not a new claim; it was raised in the Second Amended Complaint. Defendants received notice of the Claim and would not be prejudiced in defending on the merits. The Estate of Clay Mathis was not

included as a plaintiff in the Second Amended Complaint due to an inadvertent omission. (*See* Doc. 12); *see also* Fed. R. Civ. P. 17.

Accordingly,

**IT IS ORDERED** that the Motion for Leave to Amend Complaint (Doc. 9) is **granted in part and denied** in part as follows:

(1) The Motion is **granted** as to the addition of the Estate of Clay Mathis as a Plaintiff to Claim Three.

(2) The Motion is **denied** as to the addition of Claim Four.

**IT IS FURTHER ORDERED** that within **five (5) days** of the date this Order is filed, Plaintiff shall file a Third Amended Complaint that is consistent with this Order.

Dated this 16th day of March, 2021.

_____
Honorable Rosemary Márquez
United States District Judge